STATE OF NEW YORK

SUPREME COURT: COUNTY OF CHEMUNG

---

In the Matter of the Application of
Christopher Irizzary, DIN# 99-A-0222
                                    Petitioner,

For a Judgment Pursuant to Article 78
of the Civil Practice Law and Rules

                    vs.

Norman R. Bezio,
                                    Respondent.

---

**ORDER**

Index No. : 2010-1642

RJI No: 2010-0293-M

Petitioner has filed an article 78 petition challenging the ordering of a re-hearing in response to a reversal of a disciplinary hearing determination which appears to have been based on the failure of the hearing officer to ascertain the reason certain witnesses refused to testify at his August 7, 2009, disciplinary hearing. The original hearing took place at Coxsackie Correctional Facility. The re-hearing took place on December 21, 2009, at Southport Correctional Facility where petitioner was found guilty of the same charges. Although petitioner also argues that he was denied his constitutional right to a videotape as well as witnesses at the second hearing, and asserts that documents were forged, it is not necessary to address these contentions.

Respondent asserts that the petition should be denied on the issue of whether or not a re-hearing was the proper remedy because petitioner failed to challenge the order in a timely manner. The court rejects this theory because it is clear from the record that petitioner and his advocate challenged the order as soon as possible after the re-hearing was ordered. What is absent from the record, is any response from the respondent to this challenge. Without a response, the petitioner logically raised the issue at the second re-hearing, where it was ignored. Petitioner then continued to challenge the original order for a re-hearing within the time frame allotted by Article 78 following the re-hearing.

Respondent also suggests that petitioner has not established the reason for the reversal and re-hearing. The order does not specify, but does indicate that the reversal was ordered in response to petitioner's letter appealing the decision of the first hearing as follows: "On behalf of the Commissioner *and in response to your recent letter of appeal*, please be advised that your superintendent's hearing of August 7, 2009, has been reviewed and reversed on October 2, 2009. Commence rehearing within 7 days and complete within 14 days."[emphasis added] Petitioner's letter in response, dated October 7, 2009, assumes that the reason for the re-hearing is the failure of the hearing officer to ascertain the bases for the called witnesses' refusal to testify. In addition, petitioner has attached as an exhibit to his petition a copy of a letter from Prisoners' Legal Services of New York which also intimated that problems with the witness refusal forms must be the reason for the reversal as follows:

> "*Although I do not know the basis of the reversal, if it is based on the letter we sent you about the problems with the witness refusal forms, then I believe the hearing should be expunged, rather than sent for a rehearing.* When a hearing officer fails to make a meaningful attempt to find out whether or not a witness refused, it is a denial of the constitutional right of the inmate to call witnesses. See, for example, *Matter of Moore v Goord*, 281 AD2d 736 (3d Dept 2001). If the witness refusal form fails to state a reason for the refusal, the hearing officer must make an additional reasonable effort to obtain the requested testimony. *Matter of Cordova v. Coughlin*, 206 AD2d 475 (2d Dept 1994). Should the hearing officer fail to make the required effort, the proper remedy for an unconstitutional witness refusal is reversal and expungement. *See, id; see also*, e.g., *Crosby v Selsky* 24 AD2d 990 (3d Dept 2005); *Dawes v Selsky*, 286 AD2d 806 (3d Dept 2001)."
> [emphasis added]

These are the only references submitted by either party to explain the reasons behind the reversal of the first hearing, and this court finds that they provide sufficient basis for finding that the reversal was, indeed, based on the failure of the first hearing officer to properly preserve the petitioner's rights with regard to the calling of witnesses. As suggested by the attorney for Prisoners' Legal Services of New York, the law requires not only reversal, but also expungement under these circumstances.

In *Cordova v Coughlin*, 206 AD2d 475 (1994), the Second Department stated that "a prisoner who is charged with violating a prison regulation that could result in the loss of 'good behavior time' is entitled to minimal due process protections, including 'a conditional right to call witnesses when that will not be unduly hazardous to institutional safety or correctional goals' (*Matter of Laureano v Kuhlmann*, 75 NY2d 141,146)." In *Cordova*, the witness form was not signed by the prospective witness, and did not provide a reason for his refusal to testify. In addition, the Hearing Officer did not personally question the prospective witness, nor question the corrections officers who signed the form as witnesses. Therefore, the Hearing Officer failed to make the required effort to obtain the requested testimony. The court then concluded that "[i]n view of our finding that the petitioner was denied his right to call a witness and since a substantial amount of time has passed since the hearing was conducted, ... the appropriate remedy is expungement of the petitioner's record rather than remittal of the matter for a new hearing." Id.

The Third Department has likewise determined that where a hearing officer failed to ascertain the reason for a witness refusal and where, "'the record does not reflect any reason for the witness' refusal to testify, or that any inquiry was made of him as to why he refused or that the hearing officer communicated with the witness to verify his refusal to testify, there has been a denial of the inmate's right to call witnesses as provided in the regulations' (*Matter of Barnes v LeFevre*, 69 NY2d 649, 650; ...) ...Furthermore, there are insufficient details from the corrections officer who obtained Torres' signature on the witness refusal form for the Hearing officer to assess the authenticity of Torres' refusal to testify (*See Matter of Dawes v*

*Selsky, ...*)" The determination in *Barnes* was annulled, the petition granted and respondent was directed to expunge all references to this proceeding from petitioner's institutional records and to restore any good time taken from petitioner as a result thereof.

Similarly, in *Dawes v Selsky*, 286 AD2d 806 (2001), the Third Department concluded that where a potential inmate witness identified by petitioner refused to testify and petitioner objected to the denial of that witness based on the refusal form, the hearing officer's failure to make an effort to ascertain the reason for the refusal resulted in the denial of petitioner's right to call witnesses and, therefore, the determination must be annulled and the record expunged. Again, in *Crosby v Selsky*, 24 AD3d 990, Third Dept. (2005), under similar circumstances, the court determined that the remedy was to annul the determination, expunge the record, and restore the inmate petitioner's good time.

This court notes that the inmate petitioner in the above captioned matter not only made attempts to obtain legal counsel in support of his position, and to bring his position to the attention of the authorities, he was also transferred to a different facility and his hearing was prolonged precisely due to the difficulty in obtaining witness appearances, albeit by telephone. As in *Cordova, supra,* the petitioner herein may have been prejudiced by the delay which followed the ordering of a re-hearing. In addition, it is clear that petitioner's legal counsel sent a letter, along with petitioner's appeal, which formed the basis for the reversal. Since the court can glean from these documents that the reversal was based on the constitutional impropriety of the first hearing officer in failing to address the witness refusal issues in a constitutionally acceptable manner, the only remedy under the law is expungement of the record, and restoration of petitioner's good time which was affected by the determination of guilt in this matter.

In light of all of the circumstances and in compliance with precedent, the petition is granted, and it is ordered that both disciplinary hearing determinations be annulled, petitioner's record be expunged and petitioner's good time restored to the extent it was affected by the determinations of guilt following the disciplinary hearings of August 7, 2009, and December 21, 2009.

Dated: *Nov. 9, 2010*

ENTER: _____
JAMES T. HAYDEN
ACTING SUPREME COURT JUSTICE