**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTOPHER IRIZARRY,**

                          **Plaintiff,**

  vs.                                          9:10-cv-1022
                                                     (MAD/DRH)

**S. CORKNARD, Corrections Officer, Coxsackie**
**Correctional Facility; ROBERT DAVIES, III,**
**Corrections Officer, Coxsackie Correctional**
**Facility; FERNANDEZ, Corrections Officer,**
**Coxsackie Correctional Facility; STEVEN**
**GRIMALDI, Corrections Officer, Coxsackie**
**Correctional Facility; MARK HARRIS,**
**Corrections Officer, Coxsackie Correctional**
**Facility; and JASON T. YUNG, Sergeant,**
**Coxsackie Correctional Facility,**

                          **Defendants.**
_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **STOLL, GLICKMAN & BELLINA, LLP**<br>71 Nevins Street<br>Brooklyn, New York 11217<br>Attorneys for Plaintiff | **CYNTHIA H. CONTI-COOK, ESQ.** |
| **OFFICE OF THE NEW YORK**<br>**STATE ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendants | **DAVID L. COCHRAN, AAG** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Currently before the Court is Plaintiff's motion *in limine* seeking the following relief: (1) an order precluding Defendants from introducing evidence of Plaintiff's and Mr. Dozier's prior

convictions; (2) an order precluding Defendants from introducing evidence regarding the details of Plaintiff's conviction for attempted assault; (3) an order precluding Defendants from introducing evidence or testimony regarding Defendant Davies' alleged facial fracture; (4) an order precluding Defendants from presenting Plaintiff's disciplinary records and the infraction from the incident at issue; and (5) an order precluding Defendants from admitting the use of force reports that were issued in relation to this incident. *See* Dkt. No. 75.

## II. BACKGROUND

The Court assumes the parties' familiarity with the facts of this case and refers them to the Court's March 19, 2012 Memorandum-Decision and Order granting in part and denying in part Defendants' motion for summary judgment for a complete recitation of the facts. *See* Dkt. No. 54.

## III. DISCUSSION

**A.    Standard of review**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-cv-5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as

"the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

**B.     Plaintiff's and Isaac Dozier's prior convictions**

Defendants' counsel has informed the Court that he will not seek to introduce evidence or testimony regarding Plaintiff's or Mr. Dozier's prior convictions, but will simply establish that they are both currently serving a term of incarceration for a felony offense. Plaintiff's counsel has informed the Court that she does not object to this practice.

Based on the foregoing, the Court denies without prejudice to renewal this portion of Plaintiff's motion *in limine* as moot.

**C.     Plaintiff's conviction for Attempted Assault in the Second Degree**

In relation to the events of July 26, 2009, Plaintiff eventually pled guilty to Attempted Assault in the Second Degree, in which he admitted to striking Defendant Davies in order to prevent him from performing a lawful duty. *See* Dkt. No. 48-2 at 8. Plaintiff claims that the Court should preclude Defendants from introducing evidence and testimony regarding this guilty plea because it "is not probative evidence; it would mislead and confuse the jury, waste court time and it is highly prejudicial[.]" *See* Dkt. No. 75 at 7-12.[1]

Pursuant to Rule 609(a) of the Federal Rules of Evidence, a witness' character for truthfulness may be attacked by evidence of a criminal conviction as follows: "(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than

---

[1] To avoid confusion, anytime the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

one year, the evidence: (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant[.]" Fed. R. Evid. 609(a). Rule 403 of the Federal Rules of Evidence provides that the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The district court has broad discretion in making decisions under Rule 403's probative-prejudice balancing analysis. *See Fiacco v. City of Rensselaer*, 783 F.2d 319, 327-28 (2d Cir. 1986).

In *Wilson v. Chicago*, 6 F.3d 1233 (7th Cir. 1993), the plaintiff was convicted of shooting two policemen, but his conviction was eventually reversed because the Illinois Supreme Court found that his confession had been coerced. *See id.* at 1236. The plaintiff was eventually retried and convicted, but brought a civil action pursuant to 42 U.S.C. § 1983, claiming that the torture inflicted upon him to make him confess denied his right to due process of law. *See id.* During the civil trial, the trial court permitted the defendants to introduce evidence regarding the fact and nature of the plaintiff's conviction, finding that the probative value outweighed any prejudice. *See id.* On appeal, the Seventh Circuit found that the trial court abused its discretion under Rule 403 in permitting the defendants to introduce this evidence in their case in chief. *See id.* The court also found, however, that his conviction could be introduced on cross-examination for impeachment pursuant to Rule 609(a)(1). *See id.* at 1236-37. The court limited its holding by providing that "[t]he cross-examiner should not however have been permitted to elicit the *details* of the crimes underlying Wilson's conviction **unless the details bore directly on his credibility**, . . . and they did not." *Id.* at 1237 (internal citations omitted and emphasis added).

In the present matter, the parties' accounts of the July 26, 2009 incident differ greatly.

4

Plaintiff contends that he complied with all that was asked of him, that Defendant Grimaldi assaulted him without provocation, and that he did not attack any of the Defendants in any way. Defendants, however, claim that Plaintiff attacked Defendant Grimaldi when he entered his cell to bring him a tray of food, that Defendant Davies was also assaulted when he attempted to restrain Plaintiff, and that force was only used in an effort to restrain Plaintiff. *See* Dkt. No. 54 at 3-6.

In light of these conflicting versions of the July 26, 2009 incident, the Court finds that, if Plaintiff testifies in a manner consistent with his prior renditions of the incident, Defendants may use his conviction for attempted assault in the second degree to impeach his credibility. Moreover, because the details of this conviction bear directly on his credibility, unlike in the *Wilson* case discussed above, Defendants may, in a limited manner, elicit the details of the conviction, including the facts to which he pled. The probative value of this testimony far outweighs the prejudice that may result. This evidence directly calls into question Plaintiff's version of the July 26, 2009 incident and provides support for Defendants' position that force was necessarily and appropriately applied. *See Robinson v. Troyan*, No. CV 07-4846, 2011 WL 5416324, *2 (holding that the defendant may impeach the plaintiff with prior convictions in part, because "[n]otwithstanding the video tape, which appears to capture a portion of the incident, plaintiff and the defendant will testify to divergent versions of what occurred during the period prior to the videotaped portions of the incident. 'Faced with these conflicting stories, the jury's central task will be to determine who is telling the truth.' . . . Plaintiff's 'credibility on the stand is therefore of decisive importance'" (citing *Daniels*, 986 F. Supp. at 251)).

Based on the foregoing, the Court grants in part and denies in part Plaintiff's motion *in limine* to preclude Defendants from introducing evidence of his attempted assault in the second degree conviction.

5

**D.      Evidence relating to Defendant Davies' alleged facial fracture**

Plaintiff asserts that Defendants should be precluded from presenting testimony or other evidence regarding Defendant Davies' alleged facial fracture because Defendants previously objected to its relevance and refused to disclose his medical records. *See* Dkt. No. 75 at 12-13. Further, Plaintiff contends that Defendant Davies cannot discuss his medical diagnosis because it would be impermissible hearsay. *See id.* at 13. Defendants, however, contend that they only objected to the disclosure of Defendant Davies' medical records, not the relevance of the questions Defendant Davies was asked relating to his injuries during his deposition. *See* Dkt. No. 76-1 at ¶ 17. Moreover, Defendants contend that Plaintiff never discussed this discovery objection in good faith as required by Local Rule 7.1(d) and also failed to file a motion to compel. *See id.* at ¶ 16. Finally, Defendants contend that, "[n]otwithstanding a witness's ability to testify about his own physical condition and health, to the extent that the court deems Officer Davies's testimony inadmissible, the defendants are prepared to offer a certified copy of a medical record recording Officer Davies's physician's diagnosis of a fracture." *See id.* at ¶ 18.

The parties' submissions make clear that neither party is without fault in the many discovery issues that have occurred during the pendency of this matter. Plaintiff should have moved to compel the production of Defendant Davies' medical records pursuant to Rule 37 of the Federal Rules of Civil Procedure if he believed that this information was improperly withheld. *See* Fed. R. Civ. P. 37(c)(1). Similarly, although the Court granted Plaintiff's request to reopen discovery for a very brief period, Defendants still should have formally responded to Plaintiff's interrogatories and document demands. *See* Fed. R. Civ. P. 26(a)(3).

The court may excuse a party's failure to object to a failure to disclose for good cause. *See* Fed. R. Civ. P. 26(a)(3)(B). Moreover, pursuant to Rule 37, when a party fails to provide

6

information required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c).

The Court finds that, in light of the circumstances of this case, including the fact that Plaintiff was acting *pro se* until November 7, 2011, and because of the very limited time frame in which additional discovery was permitted, Plaintiff has shown good cause for his failure to object and that Defendants' failure to respond formally to Plaintiff's demands was substantially justified. It is unclear, however, whether permitting Defendants to introduce Defendant Davies' medical records at this late stage would prejudice Plaintiff.  As such, if Plaintiff wishes to renew his objection to the introduction of Defendant Davies' medical records, he may do so prior to the start of trial, after he has had an opportunity to review the record.

Finally, the Court finds that, contrary to Plaintiff's assertions, Defendant Davies can testify as to what treatment he did or did not receive for his injuries.  *See Quiroz v. California Dept. of Corrections & Rehabilitation*, No. No. 1:06-CV-1426, 2010 WL 3733913, *2 (E.D. Cal. Sept. 17, 2010).

**E.     Plaintiff's disciplinary record relating to the July 26, 2009 incident**

Plaintiff contends that Defendants should be precluded from introducing the disciplinary record relating to the July 26, 2009 incident because it was ordered expunged by the Chemung County Supreme Court based on the hearing officer's due process violations.  *See* Dkt. No. 75 at 14.  Moreover, Plaintiff contends that any other unrelated disciplinary records should also be precluded as irrelevant and overly prejudicial.

The Court agrees in part.  In light of the fact that Plaintiff's disciplinary record relating to

7

the July 26, 2009 incident has been expunged by the Chemung County Supreme Court, it is no longer permissible for Defendants to use it for impeachment purposes. As discussed below, however, the Use of Force Reports that Defendants drafted in response to the July 26, 2009 incident were not called into question by the state-court's ruling that Plaintiff's due process rights were violated at the hearing. As such, as discussed below, the Use of Force Reports may be admissible at trial.

Moreover, in light of the fact that the Court was not presented with specific acts of prior misconduct by Plaintiff or Mr. Dozier, it is premature to decide whether such evidence would be admissible at trial. As such, the Court denies this part of Plaintiff's motion *in limine* without prejudice to renew.

**F.      Defendants' Use of Force reports relating to the July 26, 2009 incident**

Plaintiff claims that the Use of Force Reports that Defendants drafted in relation to the July 26, 2009 incident should be precluded because they are unreliable and because they are inadmissible hearsay pursuant to Rule 803(6) of the Federal Rules of Evidence. *See* Dkt. No. 75 at 16 (citing *Lewis v. Velez*, 149 F.R.D. 474, 486 (S.D.N.Y. 1993)) (other citations omitted). Moreover, Plaintiff asserts that "[c]orrection officers' statements made in response to a use of force with a prisoner are the epitome of self-interested, unreliable and untrustworthy statements that are created for the purpose of manipulating the narrative about the incident to protect themselves, their jobs and their liability rather than to routinely report facts." *See id.* at 14.

Pursuant to Rule 803(6) of the Federal Rules of Evidence, "[a] record of an act" is not excludable as hearsay if

> (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;

8

>   (B) the record was kept in the course of a regularly conducted
>   activity of a business, organization, occupation, or calling, whether
>   or not for profit;
>
>   (C) making the record was a regular practice of that activity;
>
>   (D) all these conditions are shown by the testimony of the custodian
>   or another qualified witness, or by a certification that complies with
>   Rule 902(11) or (12) or with a statute permitting certification; and
>
>   (E) neither the source of information nor the method or
>   circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Contrary to Plaintiff's assertions, courts in the Second Circuit have repeatedly found that Use of Force Reports fit within this hearsay exception and are sufficiently trustworthy and relevant to allow into evidence. *See Hynes v. Coughlin*, 79 F.3d 285, 294-95 (2d Cir. 1996) (holding that, upon retrial, the defendants may introduce the Use of Force Report pursuant to Rule 803(6) so long as they are able to lay a sufficient foundation); *Jean-Laurent v. Wilkinson*, No. 05 Civ. 0583, 2009 WL 666832, *2 (S.D.N.Y. Mar. 13, 2009). Moreover, since these Reports relate to the July 26, 2009 incident at issue in this matter, the Court finds that their introduction is relevant and that their probative value far outweighs any prejudice Plaintiff will suffer.

As such, so long as Defendants lay a sufficient foundation, the Court finds that the Use of Force Reports are admissible; and, therefore, the Court denies this portion of Plaintiff's motion without prejudice to renewal.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* is **GRANTED in part** and **DENIED in part** as

set forth herein; and the Court further

**ORDERS** that the Clerk of the Court shall serve of copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 20, 2012
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge